1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   LEONARD BUSH,

                                          NO. 2:23-CV-0109-TOR
8                           Plaintiff,

                                          ORDER DENYING MOTION TO
9        v.                               REMAND AND GRANTING
                                          MOTION TO DISMISS
10  QUALITY LOAN SERVICE CORP
    OF WASHINGTON; FAY
11  SERVICING, LLC; U.S. BANK
    TRUST NATIONAL
12  ASSOCIATION; LSF10 MASTER
    PARTICIAPTION TRUST,
13
                           Defendants.
14

15        BEFORE THE COURT are Plaintiff's Motion to Remand (ECF No. 6) and

16  Defendants' Motion to Dismiss (ECF No. 7).  These matters were submitted for

17  consideration without oral argument.  The Court has reviewed the record and files

18  herein, the completed briefing, and is fully informed.  For the reasons discussed

19  below, Plaintiff's Motion to Remand (ECF No. 6) is **denied** and Defendants'

20  Motion to Dismiss (ECF No. 7) is **granted**.

    ORDER DENYING MOTION TO REMAND AND GRANTING MOTION
    TO DISMISS ~ 1

**BACKGROUND**

This case concerns a non-judicial foreclosure.  ECF No. 1.  On February 15, 2023, Plaintiff filed the Complaint in Spokane County Superior Court for declaratory relief and to quiet title under a promissory note.  *See* ECF No. 1-4.  On April 21, 2023, Defendants filed the notice of removal to this Court, alleging diversity jurisdiction.  ECF No. 1.  On May 21, 2023, Plaintiff filed the present motion to remand the case.  ECF No. 6.  The next day, Defendants filed the present motion to dismiss.  ECF No. 7.  The following facts are drawn from Plaintiff's Complaint and are accepted as true for the purpose of the motion to dismiss.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Plaintiff owns real property located in Spokane County in which Defendant LSF10 Master Participation Trust shares an interest.  ECF No. 1-4 at 2, ¶ 1.  On or about November 12, 2002, Plaintiff signed a promissory note naming Beneficial Mortgage Corporation as the payee.  *Id.*, ¶ 4.  Plaintiff signed a Deed of Trust naming Beneficial Mortgage Corporation as the beneficiary, the interest of which was later assigned to Defendant LFS10 Master Participation Trust.  *Id.*, ¶ 4.  In 2008 and 2009, Plaintiff became delinquent in payments.  *Id.*, ¶ 5.  The last payment Plaintiff made was in January 2009.  *Id.*, ¶ 5.  Plaintiff has made no payments on the loan since.  *Id.*, ¶ 6.

On August 9, 2022, Defendant Quality Loan Service caused a notice of trustee sale to be recorded on August 9, 2022, with the sale set for February 24, 2023. *Id.* at 4, ¶ 7.

## DISCUSSION

### I.       Judicial Notice

A court may judicially notice a fact that is not subject to reasonable dispute where it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Courts take judicial notice of undisputed matters of public record, such as documents filed in state courts.  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

Defendants request the Court take judicial notice of public records relating to the foreclosure and previous litigation involving the real property and parties at issue.  ECF No. 7.  The Court takes judicial notice of the public records filed with the Spokane County Recorder's Office and the state court judicial proceedings.

### II.      Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from state to federal court only if the federal court has original subject matter jurisdiction over the action.  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS ~ 3

U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Diversity jurisdiction exists when the matter in controversy is between "citizens of different States." 28 U.S.C. § 1332(a).

If the complaint seeks only nonmonetary relief, a notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(1). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

Plaintiff contends that Defendants have failed to establish diversity jurisdiction in the notice of removal by only relying on the underlying promissory note of $131,653.92. ECF No. 6. Plaintiff contends the promissory note is not the object of the litigation. *Id.* at 2–3. Rather, Plaintiff asserts the Defendants must identify how many payments would be subject to the statute of limitations defense and the sum of those payments as well as the value of the security interest created by the deed of trust. *Id.* at 3.

Plaintiff sets the bar too high. Defendant is not required to identify the number of payments subject to the applicable statute of limitations to calculate the amount in controversy. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395,

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS ~ 4

400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 –05 (E.D. Cal. 2008) (A defendant "is not obligated to research, state, and prove the plaintiff's claims for damages.").

Plaintiff has put the loan amount in controversy in this declaratory action. Here, the object of the action is to prevent the sale of Plaintiff's property via foreclosure. Although Plaintiff is not seeking monetary damages, the object of the litigation is to quiet title to the property. Though the exact amount is unclear, the original loan was for $131,652. Without researching or calculating the effect of any statute of limitations arguments, the value of the litigation exceeds the jurisdictional minimum of $75,000. Therefore, Defendants established diversity jurisdiction. Plaintiff's motion for remand is denied.

### III.   Motion to Dismiss

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Ninth Circuit has recognized motions premised on *res judicata* grounds may be brought under a Rule 12(b)(1) motion. *See Villegas v. United States*, 963 F. Supp. 2d 1145, 1158 (E.D. Wash. 2013) (citing *Gupta v. Thai Airways Inter. Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007)). On a Rule 12(b)(1) motion, the Court may "consider affidavits or any other evidence

properly before the court, even material extrinsic to the pleadings." *Id.* at 1158 (citing *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000)).

The doctrine of *res judicata* protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). *Res judicata* bars claims in a subsequent action when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). When met, *res judicata* "bar[s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties … on the same cause of action." *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal citation omitted).

    a.  <u>Identity of Claims</u>

As to the first element, a court considers:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS ~ 6

*Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).  The fourth consideration is the most important.  *Id.*  "A plaintiff need not bring every possible claim.  But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding."  *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

Here, Plaintiff contends that the prior state court proceedings brought a different claim, i.e., Plaintiff first filed suit under RCW 7.28.300 and now brings suit under RCW 4.16.020.  *See* ECF No. 9 at 5–6.  Plaintiff's claim, even where not identical to those brought in the first state court proceeding, come out of the same nucleus of facts and could have been raised in the earlier action.  *Turtle Island*, 673 F.3d at 918; *see also United States ex. Rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).  Plaintiff seeks to quiet title on property that he has not made payments towards the loan on since 2009.  Regardless of a change in legal theory, the Court finds there is a common nucleus of facts with the prior state court proceeding to satisfy the identity of claims element.

b. Final Judgment on the Merits

As to the second element, a "final judgment on the merits is synonymous with dismissal with prejudice."  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th. Cir. 2005) (internal quotation marks and citation omitted).

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS ~ 7

1    For purposes of *res judicata*, the final judgment on the merits inquiry is claim-

2    specific.  *Id.*  In *Hells Canyon*, the Ninth Circuit recognized that a district court's

3    granting of summary judgment on a specific claim constitutes a final judgment on

4    the merits for the purposes of that claim.  *Id.* at 686, 690.

5          A court granted summary judgment in favor of Defendants in the state court

6    proceeding, dismissing Plaintiff's case with prejudice.  *See* ECF Nos. 7-10–7-12.

7    This satisfies the final judgment element.

8          c.  <u>Identity or Privity of Parties</u>

9          As to the third element, privity of parties exists when "a person [is] so

10    identified in interest with a party to former litigation that he represents precisely

11    the same right in respect to the subject matter involved."  *United States v. Bhatia*,

12    545 F.3d 757, 759 (9th Cir. 2008) (internal quotation marks and citation omitted).

13          Here, Plaintiff was the same in both actions and Defendant LSF10 is the

14    same in both actions, with the applicable loan servicer sued.  ECF No. 7 at 10.

15    Defendants contend the current loan servicer is in privity with the prior loan

16    servicer because both were loan servicers on behalf of LSF10 for Plaintiff's loan.

17    Plaintiff does not challenge the identity or privity of parties.  Therefore, there is no

18    dispute that the identity of parties is met.

19

20

1    Finding all elements met, the Court concludes that *res judicata* bars

2  Plaintiff's action.  As a result, the action must be dismissed.  The Court declines to

3  reach Defendants' alternative bases for dismissal.

4  **ACCORDINGLY, IT IS HEREBY ORDERED:**

5    1.  Plaintiff's Motion to Remand (ECF No. 6) is **DENIED**.

6    2.  Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**.  Plaintiff's

7        claims are **DISMISSED with prejudice**.

8    The District Court Executive is directed to enter this Order and Judgment,

9  furnish copies to counsel, and **CLOSE** the file.

10    DATED July 12, 2023.

11



12                    THOMAS O. RICE
                 United States District Judge

13

14

15

16

17

18

19

20

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION
TO DISMISS ~ 9